UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND
CIVIL ACTION NO.: 05-49-DLB

**PHILLIP PIERCY, et al.,**                                                      **PLAINTIFFS,**

**V.**

**E.I. DUPONT DE NEMOURS AND COMPANY**         **DEFENDANT.**

**MEMORANDUM ORDER**

On June 27, 2006, the court granted in part defendant's motion to dismiss certain plaintiffs in this action, based upon those plaintiffs' failure to timely respond to defendant's written discovery requests and failure to comply with the order of this court dated March 8, 2006.[1]  Defendant's motion initially sought dismissal of seven plaintiffs- Denise Veltre, Joseph Maybee, Scott Maybee, Kristin Willis, Victoria Hall, Dennis Gumbert, and Phillip Elliott.  None of the plaintiffs filed any response to defendant's motion to dismiss, which had been filed on April 17, 2006.  Nevertheless, the court declined to dismiss the plaintiffs without providing a further opportunity for them to respond to the defendant's discovery requests.  Therefore, the court ordered the seven plaintiffs to serve their responses "immediately" or face dismissal, and to "**show cause** in writing" within fifteen days why their cases should not be dismissed.  "Plaintiffs' responses shall include a statement verifying the date of service of their responses to defendant's outstanding discovery requests as well as the basis for their failure to earlier comply with the Federal Rules of Civil Procedure and this court's March 8, 2006

---

[1]At the conclusion of a status conference held on March 8, 2006, the court directed all plaintiffs to respond to all outstanding discovery requests not later than March 31, 2006, and for defendants to analyze those responses and complete any follow-up written discovery not later than July 24, 2006.

order." To the extent the plaintiffs served belated responses and showed good cause to avoid dismissal, the court warned:

> that the court may impose a monetary sanction against them under Rule 37 in the amount of defendant's expenses in drafting the motion for sanctions. The court may also re-examine imposing a *Lone Pine* order as to those plaintiffs. The court will recommend dismissal of any plaintiff for whom no timely response and/or adequate explanation demonstrating cause is received.

The fifteen day period provided for plaintiffs to respond to the court's "show cause" has now elapsed.

On July 12, 2006, Attorney Louise Roselle filed "plaintiff's response to show cause order" on behalf of plaintiff Denise Veltre. No other plaintiff has responded to the court's June 27 order, although Ms. Roselle's pleading includes a proposed order which appears to grant all seven plaintiffs an additional thirty days to respond to discovery.

In the response filed on behalf of plaintiff Veltre,[2] counsel argues that Ms. Veltre's case should not be dismissed, because plaintiff "filed a notice of substitution of counsel on April 25, 2006" and "new counsel were unaware that there were outstanding discovery requests." However, no substitution of counsel has ever been made in this case - nor was any related "notice" filed on April 25, 2006. While attorney William Wilhoit filed an entry of appearance on behalf of Ms. Veltre on May 9, 2006,

---

[2]In filing a response on behalf of plaintiff Veltre in Case No. 05-49, Ms. Roselle newly entered her appearance as co-counsel for that plaintiff. Although the 1995 cases and the 2004 cases have been consolidated for purposes of discovery, the defendant's motions to dismiss and the "show cause" orders were docketed in the individual cases because both the motions and the orders pertained to individual plaintiffs and circumstances. For the same reason, the court anticipated plaintiffs' "show cause" responses to be filed only in the individual cases. Ms. Veltre's response in Case No. 05-49 is captioned "In re: 2004 Dupont Litigation" - due to the court's order of March 8 instructing parties in general that they should use the "consolidated" caption. The court regrets any continuing confusion.

previous counsel remain as counsel of record in this case.[3] Moreover, *all* counsel were represented at the March hearing and should have been fully aware at that time of the necessity of serving the overdue responses.

Counsel represents that plaintiff Veltre served her responses on May 1, 2006, and requests a hearing on "whether to impose sanctions, including the ultimate sanction of dismissal." Counsel asserts that plaintiff's failure to respond to discovery in this case "is due to the substitution of counsel and a failure in communication." Attorneys Roselle and Wilhoit refer to the fact that counsel "have several hundred clients in the 1995 and 2004 spill cases" so that formulating responses and collecting medical records for each "is time consuming and requires the client to come into the office." Counsel further explains that many clients are unavailable during regular office hours, requiring arrangements to be made outside of those hours.

To the extent that counsel attempts to justify either Veltre's or any other plaintiff's failure to respond to discovery and failure to comply with this court's March 8 order, counsel's explanation is inadequate. Multiple attorneys represent approximately 340 plaintiffs in the various cases filed against this defendant. The Kentucky Rules of Professional Conduct, *see generally* SCR 3.130, require all counsel to competently represent their clients. If counsel cannot do so - whether because they have taken on too many clients or for any other reason - counsel must examine whether they can ethically continue their representation.

---

[3]As noted in the court's last order, Mr. Wilhoit's entry of appearance did not serve to withdraw prior counsel. The record reflects that four attorneys all presently represent Ms. Veltre: Brian McCloud, Michael Wilson, William Wilhoit, and most recently Louise Roselle.

The defendant served its written discovery requests in this case on July 29, 2005 - nearly a year ago. Many of the plaintiffs served their overdue responses shortly after this court's March conference, prior to the March 31, 2006 deadline imposed by the court. However, on April 6, 2006 counsel moved to withdraw from representing the seven plaintiffs who had not complied with the court's order. On April 11, 2006, the court denied that motion without prejudice to renew following compliance with LR 83.6.

Plaintiff's May 1 responses were overdue by more than nine months beyond the time allotted by the Federal Rules of Civil Procedure, and by more than a month beyond the court's most recent deadline of March 31, 2006. Nevertheless, in light of the fact that plaintiff Veltre has now served her long overdue responses and has responded to this court's show cause order, dismissal would be an inappropriately harsh sanction. Instead, the court will order defendant to file an accounting of its expenses incurred in filing the initial motion to dismiss, in order to determine an appropriate monetary sanction to be imposed against plaintiff for her delay.

By contrast, dismissal is an appropriate sanction for the claims of Joseph Maybee, Scott Maybee, Kristin Willis, Victoria Hall, Dennis Gumbert, and Phillip Elliott. Counsel have filed no response whatsoever as to those plaintiffs. As no good cause would appear to exist either for those six plaintiffs' continued failure to respond to discovery or for the failure to comply with the orders of this court, they should be involuntarily dismissed with prejudice.

Accordingly, **IT IS ORDERED THAT:**

1. In light of plaintiff Veltre's showing of cause to avoid dismissal as a sanction for her failure to comply with the court's previous order, the claims of that plaintiff shall not be dismissed;

2. Within ten (10) days from the date of entry of this order, defendant, by counsel, shall file of record herein, an itemization of its reasonable expenses incurred in drafting the original motion to dismiss or for sanctions. Said statement of expenses shall include all time of counsel expended in securing this order, reasonably identified by date, particular task performed, amount of time expended, and the usual hourly rate of the counsel performing each such itemized task. Within ten (10) days of service of defendant's itemized accounting, plaintiff may file any objection to that accounting;

3. The court will review the defendant's itemization of expenses and will impose an appropriate monetary sanction at the conclusion of this litigation;

4. Should any counsel wish to withdraw from representation of Ms. Veltre, he or she should file a motion to withdraw in compliance with the requirements of LR 83.6;

5. Plaintiff's motion for oral hearing [DE #29] is **denied**;

6. Pursuant to the court's March 8 order:

> [A]n additional status conference in both the 1994 and 2005 cases will be conducted telephonically on **Friday, July 28, 2006 at 11:00 a.m.**, to be initiated by the court. **Unless notice is provided to the court that additional counsel wish to participate, only those counsel who appeared at [the March 7, 2006] status conference will be telephonically contacted by the conference call operator to participate in the July 28 conference.** The purpose of the status conference will be to set additional deadlines for the conclusion of all fact and expert discovery, and to set limits as needed on the timing, scope, and number of depositions.

**If new counsel have entered an appearance in any of the referenced cases who were not present at the March 7, they must notify the court if they wish to participate in the July 28 conference call**;

7. The claims of plaintiffs Joseph Maybee, Scott Maybee, Kristin Willis, Victoria Hall, Dennis

Gumbert, and Phillip Elliott should be dismissed, as indicated in the Report and Recommendation filed herewith;

      8.  Whenever a motion or pleading pertains to a discovery or pretrial matter which concerns all cases (either the 1995 or the 2004 litigation), the parties should continue to file that pleading in the respective lead case (Civil Case No. 04-191-DLB or 04-229-DLB) using the appropriate consolidated caption.  However, to the extent that a pleading pertains **solely** to a specific case, the parties may file that specific pleading in the case to which it pertains.

      This 18th day of July, 2006.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge